MEMORANDUM *
The California Court of Appeal decision was not contrary to or an unreasonable application of Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). A reasonable juror could infer, from the fact that Peterson shot the deputy dead and the evidence that Peterson could see out the window from which he fired his weapon, that Peterson meant to kill the officer and conclude that the evidence of Peterson’s mental and emotional deficiencies was insufficient to negate that inference.
Assuming Peterson raised a question of federal constitutional law, he has not demonstrated that the state court instructions, with respect to whether he knew or should have known that the victim was a peace officer engaged in his duties, failed to ade *660 quately instruct the jury about his mental impairments and defects because the jury was generally instructed how to analyze evidence of Peterson’s impairments. The instructions are not contrary to or an unreasonable application of federal constitutional law as stated in the holdings of the Supreme Court, as required for relief under 28 U.S.C. § 2254(d)(1). Estelle v. McGuire, 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). None of Peterson’s additional claims of jury instruction error demonstrate that the state court decision was unreasonable or contrary to federal constitutional law as stated in the holdings of the Supreme Court. Id.
Peterson demonstrated neither saturation of the community with prejudicial pretrial publicity, nor an inflamed community atmosphere, that would make empaneling an impartial jury impossible, and the voir dire sufficed to establish that he had an impartial jury after the substantial time period between the publicity after the crime and his trial. Accordingly, the state court decision was not contrary to or an unreasonable application of Irvin v. Dowd, 366 U.S. 717, 722, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961), and the line of cases following it regarding entitlement to an impartial jury. Even if we review this claim de novo, the record does not establish that Peterson was prejudiced or that prejudice must be presumed. Daniels v. Woodford, 428 F.3d 1181, 1211 (9th Cir.2005).
Peterson’s trial and appellate counsel performed within the “wide range of professional assistance,” Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Additionally, Peterson failed to demonstrate any conflict of interest affecting either his trial attorney, see Cuyler v. Sullivan, 446 U.S. 335, 350, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980) or trial judge, see Marshall v. Jerrico, Inc., 446 U.S. 238, 243. 100 S.Ct. 1610, 64 L.Ed.2d 182 (1980). Peterson’s allegations that the trial court vouched for the credibility of a prosecution witness and discredited a defense witness are not supported by the record. The immaterial omissions in the state court record do not prejudice Peterson. Accordingly, the state court decision on these issues was not contrary to or an unreasonable application of federal constitutional law, as stated in the holdings of the Supreme Court, as required for relief under 28 U.S.C. § 2254(d)(1). Even if we review these claims de novo, the record does not establish that these alleged errors violated Peterson’s federal constitutional rights.
Regarding the alleged request for substitute counsel, the record does not demonstrate that Peterson made such a request, so there is no colorable claim requiring an evidentiary hearing. See Rich v. Calderon, 187 F.3d 1064, 1067 (9th Cir.1999). Even if the record supported Peterson, he did not demonstrate a violation of federal constitutional law as stated in holdings of the United States Supreme Court.
Peterson’s claims of actual innocence are unavailing and do not meet the “extraordinarily high” threshold set by Herrera v. Collins, 506 U.S. 390, 417, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993).
We deny Peterson’s request to broaden the certifícate of appealability.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.